## MELSON *v.* TRAVIS, trustee, and *vice versa.*

1. If a trustee is guilty of mismanagement or maladministration, and the beneficiaries of the trust are justifiable in suing him to recover or secure the trust estate in his hands, the attorney's fees of the trustee for resisting such an action will not be allowed out of the trust estate.

2. If a trustee placed in the hands of one who held claims against the trust estate notes as collateral security, and the creditor received in payment of such notes enough to discharge the claim against the trust

estate, he could not apply all or a portion of such receipts to other claims held by him personally against the makers of the collateral notes and retain undischarged the claim against the trust estate.

(a) The court submitted to the jury the question whether the trustee assented to such an appropriation, and, if so, whether it was without any consideration or was for a proper reason, benefit, or consideration to the estate; and the jury found against the person claiming to be a creditor.

3. The evidence authorized the verdict; and if there are any inaccuracies in the charge, they are not such as to require a new trial, in the light of the evidence and of the entire charge.

Argued June 14, 1909.—Decided January 11, 1910.

Exceptions to auditor's report. Before Judge Worrill. Clayton superior court. December 14, 1908.

Sherod Gay made a deed of trust to Mack Travis, in which was contained the following power: "And I further agree and consent that the said Mack Travis have and control said land during the life of said Martha M. Travis, for the object and purpose of taking care of and maintaining the said Martha M. Travis and her children, and that said Mack Travis shall not be liable to [for?] the profits of said land except for the support, education, and maintenance of his said family. And I further direct and agree, that he shall not be disturbed in the use, management, and control of said property, so long as he uses the same for the purposes aforesaid, and without abuse to his said trust; that said Travis shall not have power to sell or otherwise dispose of said property, but only the proceeds aforesaid and for the purposes aforesaid." A suit was brought by M. M. Travis et al., apparently the beneficiaries of the trust, against Travis, the trustee, D. P. Melson, et al., alleging, among other things, that the trustee was mismanaging the estate, and charging that he and Melson were in collusion, and that the latter was making to the former loans and charging usurious rates of interest. The substantial allegations were denied. Travis, as trustee, employed a firm of lawyers, and two other individual attorneys to represent him, and gave them notes for their fees. The suit was settled, and Travis continued to act as trustee. At the instance of Travis, Melson took up the notes given to the attorneys for fees in the litigation. Certain notes of tenants of the trust estate were also caused to be executed in his name and delivered to him as collateral security. The notes given for attorneys' fees recited on their face that they were given in connection with the case

of Travis *v*. Travis, except one, which recited that it was given as a retainer for services to the trust estate. Melson brought suit on these notes, alleging, that it was necessary for the trustee to employ counsel to represent the trust estate in 'a suit brought by Martha Travis against him and said estate, and that in defending such estate he employed the attorneys and gave the notes to them; that such notes were transferred to the plaintiff; and that the services rendered by the attorneys were for the benefit of the trust estate, which was described, and which was alleged to be chargeable with the payment thereof. He prayed for judgment against the trustee, and to subject the trust estate. The defendant denied that the trust estate was liable, and pleaded payment. The case was referred to an auditor, and to his report exceptions were filed. Exceptions of fact were submitted to the jury, who found against the plaintiff. A motion for a new trial was overruled, and the plaintiff excepted.

*James F. Golightly* and *John B. Hutcheson*, for plaintiff.

*O. J. Coogler, W. L. Watterson,* and *Joseph W. & John D. Humphries,* for defendant.

LUMPKIN, J. (After stating the facts.) A trustee may incur attorney's fees reasonably necessary for the protection and preservation of the trust estate. But if he mismanages or misappropriates the trust estate, and the beneficiaries have to bring an action against him on account thereof, he is not entitled to charge the trust estate with fees for defending his own maladministration against the complaint of the beneficiaries. To permit him to do so would be to allow a trustee fees out of the estate, not for defending it, but for defending against it. In *Roberts* v. *Thomas, 32 Ga.* 31, it was said, that, "When a complainant is justifiable for suing a trustee to recover or secure a trust fund in the hands of the defendant, the solicitor's fees of the trustee will not be allowed for resisting the bill." See also *Moses* v. *Moses, 50 Ga.* 9, 33 (6) ; *Lilly* v. *Griffin, 71 Ga.* 535. The nature of the litigation out of which the employment of counsel and the incurring of fees arose, or the facts on which it was based, are not very clearly shown in the record before this court; but there is enough to indicate that it was based on charges of mismanagement and maladministration, and that those charges were not disproved or overcome, but that a settlement was made. Melson was a party to that litigation, and there is nothing

to indicate that he took the notes otherwise than with full notice of their consideration. Where a trustee is authorized to employ counsel and incur fees for that purpose, he may employ such counsel and incur such fees as would be reasonably necessary and proper; but when it is sought to subject the trust estate to the payment of the fees, the number of the attorneys employed, the necessity of their employment, and the reasonableness of the fees agreed to be paid are proper subjects for consideration. Where a trustee employed a firm of lawyers, and also two separate attorneys, and gave notes for their fees, which were transferred to a third person, in a suit by the latter to subject the trust estate to such claims he should have shown that such employment was reasonably necessary and proper for the defence or protection of the trust estate.

On the subject of payment, while the evidence was not without conflict, it was amply sufficient to support the finding. If Melson received sufficient cotton in payment of the collateral rent notes to discharge the indebtedness against the trust estate, he could not apply it to claims of his own against the tenants, and retain the notes on which suit is now brought, as a subsisting claim against the trust estate. If the trustee, without reason or benefit to the trust estate, merely assented to such an application, it would not be binding on the beneficiaries. The court submitted to the jury the question whether there existed any good reason for allowing such an appropriation, or any proper consideration for such an assent on the part of the trustee, if there was one, and the jury apparently thought there was no assent or no sufficient reason or benefit to the trust estate.

The principles above announced cover substantially all of the case. One or two expressions in the charge may have been subject to verbal criticism; but in view of the evidence and of the entire charge, there is nothing which requires a new trial.

*Judgment affirmed on main bill of exceptions; cross-bill dismissed. All the Justices concur.*