## WHIDDON v. WHIDDON et al.

1. A deed which conveyed certain property to named trustees in trust for certain named brothers and sisters of the grantor and the descendants of such brothers and sisters as might be dead at the time of the grantor's death, with power in the named trustees after the death of the grantor to distribute the said estate in remainder to the said brothers and sisters or their surviving children after the death of the grantor, the deed reserving to the grantor a life-estate in the property, created a trust estate; and it being contemplated that certain of those provided for as beneficiaries in the deed might be minors at the time of the death of the grantor, the trust was not immediately executed, but the legal title passed to the grantees, the named trustees.

2. Where the owner of land conveyed the same by a deed to certain named trustees, reserving to herself in the written instrument a life-estate, and, subsequently to the execution of the deed, made a contract with a third party that if the latter would move upon the land and support her during her life she would give him the property, and the third party accepted the offer and in pursuance of the contract moved upon the land and furnished to the former owner the support and maintenance contemplated for a number of years, but took no written conveyance of the property, and, after the lapse of a number of years, received notice of the prior conveyance to the trustees referred to, but continued to reside upon the land, to work the same, and to furnish support and maintenance to the former owner until her death, which occurred several years subsequently to the date when he received notice of the execution of the trust deed, such third party, when suit was instituted for the recovery of the land by the trustees, could not defend upon the ground that he was a bona fide purchaser for value and had title to the property, inasmuch as he had not paid the consideration agreed upon for the purchase of the property in question.

(a) Whether under appropriate equitable pleadings the defendant would have been entitled to a decree establishing an interest in the property, proportionate to the part of the consideration which had actually been paid by him in furnishing support and maintenance to the original owner, is a question not raised, as such pleadings were not filed in the case.

3. The evidence did not support the contention made in the defendant's answer, that he had acquired a prescriptive title to the property in question by twenty years adverse possession.

No. 532. JULY 11, 1918.

Complaint for land. Before Judge Eve. Turner superior court. July 5, 1917.

J. W. Whiddon and others filed suit in Turner superior court, to recover of E. D. Whiddon lot of land No. 164 in the first district of originally Irwin county, now Turner county, and for mesne profits. The case came on to be tried, and after the introduction of evidence the court directed a verdict for the plaintiffs for the

land, submitting to the jury the issue as to the amount of mesne profits. The defendant filed a motion for a new trial, which was overruled, and he excepted. The facts of the case, so far as material to the issues involved here, are in substance as follows: Mary E. Henderson, after the death of her husband, executed and delivered to R. W. Clements, J. J. Henderson, and J. W. Whiddon, on August 29, 1885, for an expressed consideration of natural love and affection and one hundred dollars, a deed to the land in dispute and other lands; and the deed was recorded properly in Irwin county, where the land then was, on October 9, 1885, and later, upon the formation of Turner county, was recorded in Turner county on January 27, 1910. The deed reserved to the grantor, Mary E.' Henderson, a life-estate. On February 13, 1904, Mrs. Mary E. Henderson filed suit against J. W. Whiddon and J. J. Henderson, grantees in the deed, and against Mrs. R. W. Clements and J. B. Clements, sole heirs of R. W. Clements, deceased, the object of the suit being to have the deed declared void upon grounds alleged. An amendment was filed by the plaintiff, by consent of the defendants, changing the prayer of the petition from one to have the deed declared void into one asking that it be reformed; and a verdict and consent decree were taken which modified the terms of the deed, whereby the defendants Mrs. R. W. Clements and J. B. Clements were made trustees in lieu of R. W. Clements; a life-estate was reserved by the grantor, Mrs. Mary E. Henderson, as in the deed originally, and the parties named as grantees, etc., took the property in trust for those brothers and sisters of Mary E. Henderson who might survive her and for the descendants of such brothers and sisters as might be dead at the time of the death of Mary E. Henderson, with directions to distribute this estate in remainder after the death of Mary E. Henderson in accordance with the said deed.

On December 23, 1911, some time after the termination of this suit, J. W. Whiddon and others, the plaintiffs in the original suit, filed their suit against all of the heirs of Mary E. Henderson, asking for the appointment of a receiver, and that the property of Mary E. Henderson, including the land in dispute, be administered by the court. There were two decrees in the case. The first decree appointed J. B. Clements and Mrs. Unie Clements trustees in lieu of R. W. Clements; and Mrs. Susie Henderson and J. W. Henderson were named trustees in lieu of J. J. Henderson, who

had in the meantime died. It provided that all the land covered by the trust deed of Mrs. Mary E. Henderson, including the land in dispute in this case, should be sold by the trustees for the payment of debts, and be distributed among the parties at interest; and it reserved to the court the right to pass such other orders as might be necessary to fully administer the property, the court retaining jurisdiction specifically for that purpose. E. D. Whiddon was a party to this suit, and he filed therein a petition wherein he sought to set aside and modify this decree just named, and a second decree in which all the trustees and all of the parties who could be interested as cestuis que trustent, among whom was the plaintiff in error, E. D. Whiddon, were parties. A decree was also taken by consent, setting up the fact that E. D. Whiddon claimed to own the lot of land in dispute adversely to the deed, and it was agreed that the parties named as trustees might bring the suit against Whiddon for the recovery of the land in Turner county, and that all matters at issue might there be tried. It was further agreed and decreed that E. D. Whiddon should make no question as to the right and power of these trustees to sue as parties plaintiff. It was further provided that nothing done prior to the last-named consent decree with reference to the land now in dispute should prejudice the rights of either party, and that in the event the trustees recovered the land and mesne profits the same should be administered by them under the terms of the consent decree; and the original decree was kept in force except as provided by this last decree. It was further agreed that E. D. Whiddon might attack as void the original deed made by Mrs. Henderson in 1885 or the same as modified, and might contend that no trust was created by the deed. The last-mentioned consent decree further reserved in the superior court of Irwin county the right to pass any other orders that might be necessary to fully administer the property, and for that purpose the court retained jurisdiction.

*Perry & Williamson, J. H. Pate* and *J. A. Comer,* for plaintiff in error.

*Hal Lawson, A. J. McDonald, H. J. Quincey, O. H. Elkins, J. H. Tipton,* and *R. L. Tipton,* contra.

BECK, P. J. The defendant, E. D. Whiddon, plaintiff in error here, claimed that in the year 1887 he made with Mrs. Mary E. Henderson an agreement whereby she was to give him lot of land No. 164, the land in dispute, if he would move upon the lot, live

with her, and take care of her during her life. He did move upon the land and lived with her and took care of her during her life. There was a conflict in the evidence as to whether she gave him the land or whether she agreed that he might take charge of and have the profits of the land during her life; but he did not get from her any deed whatever. There was a conflict in the evidence as to whether the original deed made by Mrs. Mary E. Henderson to J. W. Whiddon and others was made for natural love and affection only, or whether it was made on a consideration of $100 in addition thereto. The evidence was also conflicting upon the question as to whether plaintiff in error had knowledge of this deed at the time he claims to have made his contract with Mrs. Henderson. There was no question, however, that as early as the year 1904 and prior to the death of Mrs. Henderson, which occurred about the year 1911 or 1912, E. D. Whiddon had knowledge of this deed.

1. We are of the opinion that the court properly directed a verdict for the plaintiffs in the case. The deed from Mrs. Mary E. Henderson to certain named trustees, executed on the 29th day of August, 1885, as afterwards reformed, created a trust estate and placed the legal title to the property in question in the trustees. The Civil Code, § 3736, provides: "Trusts are either executed or executory. In the former, everything has been done by the trustee required to secure the property, or to render certain the interest of the beneficiaries, and all that remains for him to do is to preserve the property and execute the beneficial purposes. In executory trusts, something remains to be done by the trustee, either to secure the property, to ascertain the objects of the trust, or to distribute according to a specified mode, or some other act, to do which requires him to retain the legal estate." And the next section provides: "In an executed trust for the benefit of a person capable of taking and managing property in his own right, the legal title is merged immediately into the equitable interest, and the perfect title vests in the beneficiary according to the terms and limitations of the trust." The deed in question as reformed contemplated that there might be minor beneficiaries at the time of the death of the grantee and the division of the property; and it is within the purview of the statutes that trust estates may be created for the benefit of minors. We do not think that the trust in this case could be declared to be executed until the happening of the

event which would fix the status of those named as beneficiaries in the trust deed. If at the time of the death of Mrs. Henderson all those entitled to participate in the beneficial estate had been of age, a different question would have arisen; but the evidence shows that certain of the descendants of the brothers and sisters who were to participate as beneficiaries under the terms of the deed were not of age. In view of these facts, a trust was created and the legal title to the property was in the trustees. *Turner* v. *Barber*, 131 *Ga.* 444 (62 S. E. 587) ; *Knorr* v. *Raymond*, 73 *Ga.* 749, 769.

2. Conceding that the defendant in the case, E. D. Whiddon, entered into the contract as alleged by him with Mrs. Mary Henderson, to wit, that he would move upon the land in question and support her during her life, and that in consideration of this undertaking upon his part she gave or contracted to give him the property referred to, nevertheless, before the defendant, who now claims to have title to the property sued for, completed his contract—that is, before the death of Mrs. Henderson, certainly in the year 1904, he had knowledge of the conveyance to trustees in the deed dated August, 1885, as reformed in the suit instituted in 1904. We will not enter upon a discussion of the question as to whether or not one who has fully performed his part as purchaser in a parol contract for land, but has taken no written conveyance of title thereto, is a bona fide purchaser for value without notice; but we are of the opinion that E. D. Whiddon, who had knowledge of the conveyance by Mary Henderson to the trustees in the deed above referred to before he had completed his contract, although he intended to perform and was in the course of performance, could not be called a bona fide purchaser for value so as to maintain his title, then inchoate, as against a prior grantee of whose rights he had no notice at the time he began to perform the work and furnish the support which was the consideration for the promised gift. "To enable one to claim the rights of a bona fide purchaser without notice, the title purchased must be apparently perfect, good at law, and made by a regular conveyance." 39 Cyc. 1690. "The rules respecting a purchaser without notice are framed for the protection of him who purchases a legal estate and pays the purchase-money without knowledge of an outstanding equity. They do not protect a person who acquires no semblance of title." Vattier v. Hinde, 7 Peters, 252, 271 (8 L. ed. 675). "The protection of such bona fide purchase is necessary only when the

plaintiff has a prior equity; which can be barred or avoided only by the union of the legal title with an equity arising from the payment of the money and receiving the conveyance, without notice, and a clear conscience. In setting up a bona fide purchase without notice, by plea or answer, it must state the deed of purchase, the date, parties and contents, briefly; that the vendor was seized in fee, and in possession; the consideration must be stated, with a distinct averment that it was bona fide and truly paid, independently of the recital in the deed; notice must be denied previous to and down to the time of paying the money and the delivery of the deed." Boone *v.* Chiles, 10 Peters, 177, 179 (9 L. ed. 388).

In order to defeat the legal title in the plaintiffs, it was necessary, under the pleadings in this case, for the defendant to show that he was a bona fide purchaser for value without notice. And where it appears that he had not paid the consideration but at most had only paid a part of the consideration before he received knowledge of the outstanding legal title, he could not occupy the position of an innocent purchaser for value, so as to entirely defeat the outstanding legal title. Whether under proper equitable pleadings he could have secured and have had the court to frame a decree which would have protected his interest, an interest proportionate to the part of the consideration which he had paid, need not be discussed, as he did not file equitable pleadings seeking to have such a decree framed and granted. He relied upon his contention that he was a bona fide purchaser for value and had title to the premises as such, and also that he had a prescriptive title based upon twenty years adverse possession. Under the evidence, the answer, in so far as it set up prescriptive title, was not sustained; and the defendant was not in a position, under what we have ruled above, to assert that he had a legal title, or the equivalent thereof, a perfect equitable title upon which he could rely to defeat the legal title shown to have been in the plaintiffs.

*Judgment affirmed. All the Justices concur.*