### ROWE *et al. v.* GASKINS; *et vice versa.*

It is well settled that the actual payment, before notice, of the purchase-price is essential to the maintenance of the claim that one is a bona fide purchaser of property for value and without notice; and applying that rule to the present case, as it should be under the evidence, the verdict directed by the court was the only one that could have been rendered under the facts contained in the record, and the court did not err in so directing.

Nos. 999, 1000. FEBRUARY 14, 1919.

Equitable petition. Before Judge Thomas. Berrien superior court. March 20, 1918.

*E. K. Wilcox* and *J. P. Knight,* for Rowe et al.

*Quincey & Rice* and *C. A. Christian,* contra.

BECK, P. J. P. H. Gaskins brought his petition to recover certain lands and have certain deeds canceled, against M. Rowe, and against H. C. Reynolds as administrator de bonis non cum testamento annexo of the estate of John Reynolds. The petitioner showed, and it was not controverted, that John Reynolds became the owner of the property by a grant from the State of Georgia, and both Gaskins and Rowe derived title from John Reynolds. The petition shows a deed from John Reynolds, dated in 1839, to James M. Davison, and then a series of conveyances from Davison, finally vesting the petitioner with title. The defendants show that H. C. Reynolds became administrator de bonis non of the estate some fifty or sixty years after the date of the deed from John Reynolds to Davison, and show an administrator's deed from H. C. Reynolds to defendant Rowe. The deed from John Reynolds to Davison was never recorded; and Rowe claims as a bona fide purchaser without notice of the deed from John Reynolds to Davison.

52

If Rowe was a bona fide purchaser for value from H. C. Reynolds, without notice of the prior conveyance of John Reynolds, H. C. Reynolds' intestate, or if the evidence required the submission to the jury of the question as to whether he was a bona fide purchaser for value, the direction of a. verdict was error. But were are of the opinion that the uncontroverted evidence shows that Rowe was not a bona fide purchaser. He took the deed under which he claims from the administrator of John Reynolds, who had been dead when H. C. Reynolds was appointed administrator, some sixty years after the death of John Reynolds and twenty-five years after the death of the executor named in the will of John Reynolds; and while the deed which he took from H. C. Reynolds recited a consideration of $3,000, as a matter of fact he paid in cash five dollars and gave his note and a mortgage on the land for the remainder. In the petition it is charged that there was an understanding and an agreement between Rowe and H. C. Reynolds, the administrator de bonis non, that the remainder of the purchase-money should not be paid in the event the title conveyed to Rowe should not stand the test of a lawsuit. There were one or two small payments made by Rowe after the first cash payment of five dollars, amounting to some $200. Rowe did not undertake to testify in the case to meet this charge contained in the petition that he was not to pay the balance of the purchase-money unless it should appear in any litigation that should be instituted to recover the land that he had a valid title. Reynolds, however, was not entirely silent on this question. He testified on the trial, in part, as follows: "Mr. Rowe has not paid me anything. I have never received anything for the lot of land; as far as the money transaction is concerned, I know nothing about what agreement was made, and could not refer to it intelligently. The matter was referred to Mr. Davison; he knew better than I do. I believe I had a letter from Mr. Rowe. I turned the letter over to Col. Davison. I corresponded with no one. I supposed Rowe was to pay for it; that was left up to my attorney. There was no understanding whatever on Rowe's part, but my understanding was that if there was a lawsuit and it was won, it would help me; if not, I would not be. About the other transaction I was ignorant. I understood that I would get something out of it if it was won." In view of such testimony coming from the grantor in the deed to

Rowe, the charge made in the petition, and the silence of Rowe at the trial, we think the court was authorized to assume as uncontroverted that there was an understanding between Rowe and the administrator that the place should not be paid for if it should appear on the trial of any action brought to recover the land that Rowe did not have a valid title. Whether such agreement on the part of such administrator could have been set up as a defense by Rowe need not be decided. In the case of *Colquitt* v. *Thomas,* 8 *Ga.* 258, 278, it was said: "When a purchaser goes into equity for relief against a prior incumbrance, upon the ground that he is a bona fide purchaser without notice, he will not be relieved if he has notice before he pays all the purchase-money, although he has paid a part. The rule in such a case goes thus far, to wit: notice before actual payment of all the purchase-money, although it be secured, and the conveyance actually executed, or before the execution of the conveyance, notwithstanding the money be actually paid, is equivalent to notice before the contract." In the case of *Whiddon* v. *Whiddon,* 148 *Ga.* 255 (96 S. E. 431), it was said: "In order to defeat the legal title in the plaintiffs it was necessary, under the pleadings in this case, for the defendant to show that he was a bona fide purchaser for value without notice. And where it appears that he had not paid the consideration but at most had only paid a part of the consideration before he received knowledge of the outstanding legal title, he could not occupy the position of an innocent purchaser for value, so as to entirely defeat the outstanding legal title. Whether under proper equitable pleadings he could have secured and have had the court to frame a decree which would have protected his interest, an interest proportionate to the part of the consideration which he had paid, need not be discussed, as he did not file equitable pleadings seeking to have such a decree framed and granted." The counsel for the plaintiff in error insist that this rule which deprives the subsequent purchaser of the position of a bona fide purchaser for value and without notice, where a prior purchaser had failed to record his deed or did not record it for any reason, is not applicable to cases of sales by administrators; and they base this contention upon the ground that the doctrine of caveat emptor applies in administrators' sales, and that a purchaser with deferred payments of property at an administrator's sale would be compelled to comply with his con-

tract of purchase. Without deciding whether, as a general rule, the doctrine that one who has not paid the purchase-money for land does not occupy the position of a bona fide purchaser is applicable to administrators' sales, we think the doctrine is applicable to a sale made under the circumstances shown here, as against Rowe and the administrator; for Rowe, the court was authorized to hold, had taken a deed with the understanding that he would not pay the purchase-money if it should appear that he did not get a good title. Under the uncontroverted facts shown in this record we think the rule applies with all its force. As laying down the doctrine that the purchase-money for land must be actually paid before notice, where one seeks to set up and maintain the character of a bona fide purchaser, see Jewett v. Palmer, 7 Johns. Ch. 65 (11 Am. D. 401); Barney v. McCarty, 15 Iowa, 510 (83 Am. D. 427); Trice v. Comstock, 57 C. C. A. 646 (6), (121 Fed. 620); Davis v. Ward, 109 Cal. 186 (41 Pac. 1010, 50 Am. St. R. 29); Macauley v. Smith, 132 N. Y. 524 (30 N. E. 997); Bell v. Pleasant, 145 Cal. 410 (78 Pac. 957, 104 Am. St. R. 61); Boon v. Chiles, 10 Peters, 179 (9 L. ed. 389); 3 Washburn on Real Property, § 2200. It follows from what has been said that the judgment refusing a new trial should be affirmed; and the judgment of the court below having been affirmed on the main bill of exceptions, the cross-bill of exceptions is dismissed.

*Judgment on main bill of exceptions affirmed; cross-bill dismissed. All the Justices concur.*