## LEAVITT *v.* LEAVITT.

1. A deed conveying property in trust for the support and maintenance of the grantor (a man of seventy-two years, in feeble physical health) and his family consisting of his son (the grantee) and the son's wife, and for the support of any children that may be born to the grantee, and providing for legal disposition of the property upon the death of the grantor and in the event of the grantee dying childless, is not subject to be set aside, with a decree for restoration of the property, on the petition of the grantor alleging that the deed is void: (1) because it was thereby attempted to create a trust for persons sui juris and not mentally weak or under legal disability; (2) because the deed was not recorded within the time prescribed by the Civil Code, § 3729, and since its execution the grantor has been restored to his mental and physical capacity; and (3) because the grantee and his wife (aged thirty-six and thirty-four years) have been married for a number of years, no child has been born of the marriage, and there is no probability of a child being born to them. The trust extending to unborn children is executory and valid.

2. The rejection of a proposed amendment not materially affecting the cause as already alleged is no cause for reversal.

3. It was not error to allow the trustee reimbursement from the trust estate for expenses in defending the action.

**No. 1421. December 11, 1919.**

Equitable petition. Before Judge Hammond. Richmond superior court. April 28, 1919.

*William K. Miller* and *Samuel L. Olive,* for plaintiff.

*Cumming & Harper* and *Callaway & Howard,* for defendant.

Atkinson, J. Sheldon Leavitt Sr. brought an action against Sheldon Leavitt Jr., individually and as trustee, to annul and set aside a deed which had been jointly executed by them in trust for specified uses. After describing the property the deed (so far as it is material to be stated), provided:

"All of the aforesaid properties, estates, interests, and money hereinbefore conveyed, transferred, and assigned to the said Sheldon Leavitt Jr., or any that may stand in his name, are all to be reassigned and transferred to Sheldon Leavitt Jr., as trustee under this deed, to be held by him to apply the net income thereof to the following purposes, to wit: For the support and maintenance of the said Sheldon Leavitt, and his family, which consists of his son, Sheldon Leavitt Jr., and his son's wife, Frances H. Leavitt, for and during the time of their natural lives, and for the support of any children that may be born to said Sheldon Leavitt Jr.; and upon the death of said Sheldon Leavitt the said

property and the income thereof are to be held by the said trustee for the use of the said survivors, Sheldon Leavitt Jr. and his wife, Frances H. Leavitt, for life, and for the survivor of them for life; and upon the death of said last survivor, then said property and all increase thereof and unexpended income to be and become the property of the children of said Sheldon Leavitt Jr., children of a deceased child to take the parent's share; but in the event said Sheldon Leavitt Jr., should have died childless, without issue, but leaving a will, the one half of the property of the trust estate created hereby shall pass under will of the said Sheldon Leavitt Jr., he being given power of disposition by will of one half the estate if he die childless, provided, however, that this power of disposition shall not be exercised in behalf of any member of Frances H. Leavitt's family or Frances H. Leavitt any of her kin, and the other half of the estate—or, if the said Sheldon Leavitt Jr., being childless, does not exercise his power of disposition, then the whole estate—to go to the heirs at law by blood of the said Sheldon Leavitt Senior. The income of the trust estate hereby created shall be used for the support and maintenance of the parties hereinbefore described when they are living together in the family relation in the same establishment, and at the request of either Sheldon Leavitt, or Sheldon Leavitt Jr., so long as said establishment is maintained, Miss M. Virginia Tucker shall be included in said family and obtain a home and support in said family establishment; but should either the said Sheldon Leavitt or Sheldon Leavitt Jr. desire no longer to live together in the family relation—and either may so determine without loss of any interest in the corpus of the estate under this trust agreement, then the said income arising from the property hereby conveyed shall be distributed as follows: twenty-one hundred dollars ($2100.00) per year is to be paid out of the income of the trust estate to Sheldon Leavitt in monthly installments of one hundred and seventy-five dollars ($175.00) per month, and the balance of the income of the trust estate shall be used for the support and maintenance of the other parties hereinbefore designated, without further claim on said additional income by the said Sheldon Leavitt, unless the said Sheldon Leavitt should return to live together with the family; provided, however, that the amount of any commission received by said Sheldon Leavitt as executor of the estate of Edward Leavitt and David Leavitt shall

be deducted from said twenty-one hundred dollars, it being the true purpose and intent of this provision that the said Sheldon Leavitt shall have as an income, when living separate from the family, twenty-one hundred dollars, said sum to be made up from the commissions from said estates, and from the income of the trust estate created hereby. If there should be no commissions, the entire twenty-one hundred dollars shall be paid from the income of the trust estate herein created; or if there be a decrease in amount of commissions received by said Sheldon Leavitt, then a sufficiency from the income of the trust estate to make up the twenty-one hundred dollars per annum shall be paid to said Sheldon Leavitt. Any excess of said commission over six hundred dollars shall enure to the benefit of said Sheldon Leavitt over and above said $2100.00 per annum, and also over and above the $600.00 provided for below in the event he is residing in the family. The balance of the income derived from the trust estate not paid to said Sheldon Leavitt, as herein above stipulated, shall be paid to the said Sheldon Leavitt Jr., in monthly installments, for the maintenance and support of himself, his wife, and others as herein-before provided."

The petition set out the deed and alleged that it was void: "(a) Because said deed attempts to create a trust for petitioner, a man sui juris, and not mentally weak, but of advanced age and in feeble health. (b) Because said deed attempts to create a trust for Sheldon Leavitt Jr., defendant herein, a man sui juris, and not mentally weak. (c) Because said trust deed was not recorded in Richmond County, Georgia, the county wherein the cestui que trust resided at the time of the execution, within three months from date of execution, as required by Code of Georgia, sec. 3729." Other allegations were to the following effect: The property, which consisted mostly of corporate stocks, bonds, and notes, all belonged to Sheldon Leavitt Sr., who, being weak-minded and in feeble health, was coerced by Sheldon Leavitt Jr. to deliver them over into his possession. Afterwards both parties employed counsel, and, after consideration, entered into the contract set out in the deed. At the time of the execution of the deed Sheldon Leavitt Sr. was 72 years of age; and Sheldon Leavitt Jr. and his wife, Frances H. Leavitt, were both sui juris and labored under no legal disability; the former being 36 years of age and the latter 34. They had

been married for a number of years; no child had been born as the issue of such marriage, and there was no probability of a child being born to them. The deed was not recorded within the time prescribed by the statute, as requisite to the validity of a "spend-thrift trust," as authorized in the Civil Code, § 3729, and since execution of the deed Sheldon Leavitt Sr. has been restored to his mental and physical competency. It was prayed that the deed be set aside and the property restored to the plaintiff.

1. The Civil Code, § 3729, provides: "Trust estates may be created for the benefit of any minor, or person non compos mentis. Any person competent by law to execute a will or deed may, by such instrument duly executed, create a trust for any male person of age, whenever in fact such person is, on account of mental weakness, intemperate habits, wasteful and profligate habits, unfit to be entrusted with the right and management of property: . . Provided also, if at any time the grounds of such trust shall cease, then the beneficiary shall be possessed legally and fully of the same estate as was held in trust; and any person interested may file any proper proceeding in the superior court, where the trustee resides, to have the trust annulled on that ground, if he so desires. Any person having claims against the beneficiary may avail himself of the provisions of the Code in relation to condemning trust property at common law." The deed created several estates for persons other than for Sheldon Leavitt Sr., including among them contingent estates for any children that might be born to Sheldon Leavitt Jr. As the trust extended to unborn children, it was valid and executory. *Watts* v. *Boothe,* 148 *Ga.* 376 (96 S. E. 863), and cases cited; *Whiddon* v. *Whiddon,* 148 *Ga.* 255 (1), 258 (96 S. E. 431); *Farkas* v. *Smith,* 147 *Ga.* 503 (94 S. E. 1016). As the deed created estates for other persons than Sheldon Leavitt Sr., it could not be set aside and the property restored to him on the grounds taken, even if as to himself it created a spendthrift trust.

2. The proposed amendments would not materially affect the case as alleged in the original petition.

3. The judge did not err in disallowing the amendments, in dismissing the petition, and in allowing the trustee reimbursements from the trust estate for expenses in defending the suit. *Melson* v. *Travis,* 133 *Ga.* 710, 712 (66 S. E. 936).

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*