COKER *v.* UTTER, trustee.

BECK, P. J.   1. A lien creditor by proving his claim does not waive, nor is he estopped from asserting, his lien in a court of competent jurisdiction against the property which the court of bankruptcy has not the jurisdiction to administer for the benefit of creditors. *McBride* v. *Gibbs*, 148 *Ga.* 380 (96 S. E. 1004).

2. The effect of § 67f of the national bankruptcy act of 1898 is not to void the levies and liens therein referred to against all the world, but

only as against the trustee in bankruptcy and those claiming under him, in order that the property may pass to and be distributed among the creditors of the bankrupt. It is applicable only as against such trustee, and was designed to prevent preferences between creditors. A discharge in bankruptcy does not discharge the lien of a judgment obtained within four months prior to the adjudication of bankruptcy, upon a note waiving the homestead exemption allowed by the laws of this State upon lands set aside by the bankrupt court as exempt. *McKenney* v. *Cheney,* 118 *Ga.* 387 (45 S. E. 433).

3. While it was competent for the plaintiff in error to file an amendment to his answer after the case was submitted to the judge, so as to give efficacy to any fact that might have been proved or admitted at the hearing, the rejection of the amendment in the present case was not hurtful to the plaintiff in error, inasmuch as the allegations of the amendment, so far as they were supported by evidence, did not materially change the controlling issues as they stood when the case was submitted to the judge.

4. The request to review and overrule the case of *McKenney* v. *Cheney,* supra, is denied. While the ruling made in that case may not be in harmony with all of the dicta in the case of C., B. & Q. Ry. Co. *v.* Hall, 229 U. S. 511 (33 Sup. Ct. 885, 57 L. ed. 1306), it is not necessarily in conflict with the decision in that case upon the issues actually involved, as in the present case the judgment sought to be enforced is based upon a promissory note containing a waiver of homestead, and it was otherwise in the case last cited.

5. Applying what is said in the foregoing headnotes, the court below did not err in rendering the judgment complained of.

*Judgment affirmed. All the Justices concur, except Hill, J., absent, and* ATKINSON, *J., dissenting.* In the case of C., B. & Q. Ry. Co. *v.* Hall, 229 U. S. 511, it was held: "The decisions of the State and lower Federal courts in regard to annulment of liens on exempt property have been conflicting, and this court now holds that § 67f annuls all such liens obtained within four months of the filing of the petition, both as against the property which the trustee takes for benefit of creditors and that which may be set aside to the bankrupt as exempt. In re Forbes, 186 Fed. Rep. 76, approved." That ruling made by the Supreme Court of the United States is applicable to the facts of this case, and controls it adversely to the defendant in error, who did not obtain a valid judgment on his claim, which was provable in bankruptcy, before the bankrupt obtained his discharge, which he might have done by a timely application for a stay of the discharge.

No. 2329. SEPTEMBER 30, 1921.

Equitable petition. Before Judge Hodges. Oglethorpe superior court. October 22, 1920.

A. B. Utter, as trustee, obtained a judgment, on which execution was issued, against John E. Coker, on March 5, 1919, for something over $2,000, on two notes waiving homestead and exemption rights. On May 8, 1919, the defendant in execution was

adjudicated a bankrupt, and on September 21, 1919, he obtained his discharge in bankruptcy. Later certain assets were recovered and brought into the estate. Out of the proceeds of their sale the sum of $1,445 in cash was set apart by the trustee to the bankrupt as a homestead. Before the twenty days expired, and while the money was in the hands of the trustee, an application was filed in the superior court of Oglethorpe county by R. G. Hackney, the father-in-law of J. E. Coker, bankrupt, and by A. H. Coker, administrator (a cousin of the bankrupt), on two notes given by the bankrupt, waiving the homestead, which were dated and executed after the homestead was set apart by the trustee and about ten months after J. E. Coker had been adjudicated a bankrupt. This application asked that a receiver be appointed to take charge of the homestead fund. The bankrupt joined in this application, and asked that a receiver be appointed to take charge of the fund. J. H. Lumpkin was appointed under this petition, and is now receiver, holding the fund under order of the court. Before the twenty days expired, and while the money was in the hands of the trustee, an application was filed in the superior court of Oglethorpe county, by A. B. Utter as trustee, setting up the judgment that had been obtained in his favor some sixty days prior to the adjudication in bankruptcy; and asking that a receiver be appointed to take charge of said fund and apply the same to said execution, and that John E. Coker (the plaintiff in error), or anybody for him, be restrained from accepting this money from the trustee in bankruptcy. In this latter suit a stay of discharge was not asked, for the same had been granted. An order was taken consolidating the two cases. When the case was heard by the judge, under an agreement the petition of A. B. Utter as trustee was taken up and passed on. In answer to this suit of Utter, trustee, Coker, the bankrupt, filed his defense, alleging that the plaintiff trustee had no right of action, for two reasons: first, because he had filed proof of claim on his execution in the bankrupt court; second, because, under the bankruptcy act, the judgment or lien obtained within four months prior to the adjudication in bankruptcy was null and void, and the bankrupt (defendant) had been discharged as against the debt.

After the case was submitted to the judge, J. E. Coker filed an

amendment to his answer, which amendment was disallowed. After considering the case as submitted, the court rendered a judgment adjudging that "the $1,445.00 now in the hands of J. H. Lumpkin, as receiver of J. E. Coker, is subject to the execution in favor of A. B. Utter, trustee of G. O. White, bankrupt, vs. J. E. Coker, issued from the city court of Lexington, March 5, 1919;" and in said judgment it was also ordered that after paying certain costs specified the remainder be paid to the attorneys of record for the plaintiff in said execution. To the judgment of the court disallowing the amendment, and to the final judgment, the defendant excepted.

*Stephen C. Upson,* for plaintiff in error.

*T. W. Lipscomb* and *Erwin, Erwin & Nix,* contra.