CLARY *et al. v.* THORNTON *et al.*

834

No. 9549.   November 11, 1933.

*Raymond Pierce, C. E. Symmes,* and *W. B. Gibbs,* for plaintiffs in error.

*Highsmith & Highsmith,* contra.

HILL, J. ■ One ground of the motion for new trial alleges that the court erred in directing the verdict in favor of the plain-

tiffs, Hillary Thornton and Reppard and Mershon Rich, for the reason that the deed introduced in evidence by the plaintiffs, from John K. Thornton to Ellen Thornton, Lydia V. Thornton, and Hillary Thornton, showed on its face that it was made in settlement of temporary and permanent alimony of his wife, Ellen Thornton, and the evidence of the defendant showed that after making and delivering the deed Ellen Thornton and her husband John K. Thornton resumed their marital relations, which rendered the deed void and of no effect. Another ground assigns error in the direction of the verdict, because the evidence of Hillary Thornton, the only witness for the plaintiffs, showed that no consideration ever passed from himself or Lydia V. Thornton or Ellen Thornton to John K. Thornton, that the one hundred dollars recited in the deed was never paid, and that John K. Thornton never surrendered possession of the land; and because this witness testified that they always recognized said land as the land of John K. Thornton; that he never at any time surrendered possession of the same until after it was sold under a mortgage foreclosure in favor of O'Quinn Banking Company and against John K. Thornton; that all of the evidence showed that none of the plaintiffs ever claimed any title under the deed until after the death of John K. Thornton; and because the deed shows on its face that it was not a deed of bargain and sale or a deed of gift, but was a deed based upon a separate agreement and in settlement of temporary and permanent alimony.

Under the pleadings, the evidence, and the stipulation entered into between the parties, the rights of the wife of John K. Thornton were eliminated on the trial of the case, and the rights of the children of John K. Thornton and Ellen Thornton alone were in issue. The Civil Code (1910), § 2990, provides: "The subsequent voluntary cohabitation of the husband and wife shall annul and set aside all provisions made, either by deed or decree, for permanent alimony. The rights of children under any deed of separation or voluntary provision or decree for alimony shall not be affected thereby." Under application of this provision, properly construed, the verdict for the children was demanded. While the wife could not recover under the deed made for permanent alimony, having subsequently resumed marital relations with her husband and lived with him until his death, yet the rights of the children were not affected by this action on the part of their parents. The deed was

on record, and any subsequent purchasers of the land took with notice of the rights of the children. The remainder interest of the children would not be affected by the subsequent possession of the land by the husband for a long number of years exceeding the statutory prescriptive period. The court did not err in refusing a new trial.  *Judgment affirmed. All the Justices concur.*