27411. LONDON v. CITIZENS & SOUTHERN NATIONAL BANK.

DECIDED MAY 3, 1939. REHEARING DENIED JUNE 1, 1939.

*William A. Thomas,* for plaintiff.
*Alston, Foster, Moise & Sibley, Henry J. Miller,* for defendant.

SUTTON, J. W. L. London sued C. E. Freeman Inc. and the Citizens & Southern National Bank on an account for $242.36 for gasoline and oil claimed to have been furnished by the plaintiff. It was alleged, that during the period when the account sued on was made the Citizens & Southern National Bank, through its officers, agents, and servants, had taken charge of C. E. Freeman Inc., its place of business, all of its stock of new and used automobiles, and everything of value which C. E. Freeman Inc. had or possessed, and through its officers, agents, and servants operated said business of C. E. Freeman Inc. in a style and manner of complete ownership; that the agents and servants of the bank, under the direction of its officers, did direct and otherwise operate said C. E. Freeman Inc. in every detail, from the sale of each and every automobile down to and including the purchase of each and every gallon of gasoline and quart of oil which were purchased from the plaintiff; that the Citizens & Southern National Bank, through its agents and servants under the direction of its officers, did direct the purchase of each quart of oil and every gallon of gasoline pur-

chased from the plaintiff from May 22, 1935, to June 7, 1935, inclusive; this covering the period of the sales of gasoline and oil on the account sued on; that the plaintiff's place of business was a filling-station where cars were serviced with gasoline, oil, and water, and that it was operated in his name, W. L. London. These were the substantial allegations of the petition as amended. The Citizens & Southern National Bank filed its answer in which it denied that it took over and operated C. E. Freeman Inc., and denied that it purchased, authorized, or ratified the purchase from the plaintiff of the gasoline and oil set out in the account sued on. It alleged that it did remove from the place of business of C. E. Freeman Inc. certain cars and property to which it held title under retention-title notes to secure loans which were past due and unpaid, and that it had the right to take possession of and remove said property. This defendant denied that the plaintiff operated the filling-station in his own name, and alleged that it was operated in the name of the London Service Station; that the plaintiff and G. W. London were partners and were doing business under said trade-name; and that they did not register said trade-name with the clerk of the superior court of Fulton County, and failed to comply with the law of this State in regard to the registration of trade-names.

When the case proceeded to trial the plaintiff announced that he abandoned the case as to the defendant, C. E. Freeman Inc. After introducing evidence and before resting the case, the plaintiff tendered the following amendment, which was disallowed: "That for fifteen days prior to June 7, 1935, C. & S. National Bank, through its agent and vice-president, R. L. Clement, who did direct the taking over of the property of Freeman Incorporated, did secure the services and full co-operation of C. E. Freeman, B. A. Clegg, E. P. Plowden, and R. D. Wade, all of whom were officials and employees of said Freeman Incorporated, in interest of C. & S. National Bank, to the extent that all of said Freeman Incorporated officials were and did become agents of said C. & S. National Bank, and did work under the direction of said Clement and for said C. & S. Bank, and not for said Freeman Incorporated." After the disallowance of the proffered amendment, the plaintiff continued to introduce evidence, at the conclusion of which the court, on motion of counsel for the Citizens & Southern National Bank, non-

suited the case. The plaintiff excepted, assigning error on the disallowance of the amendment and on the grant of nonsuit, contending that the rejection of the amendment was erroneous, and that the judgment of nonsuit which resulted was controlled by the refusal of the court to allow the amendment.

No brief of evidence is embodied in the bill of exceptions or sent up in the record, nor is there any contention in the bill of exceptions or elsewhere that the court refused to allow the plaintiff to introduce any testimony in support of the proffered amendment. The bill of exceptions recites that the plaintiff introduced evidence both before and after the proffered amendment was disallowed, but contains no statement as to what was the evidence. As above stated, the plaintiff's petition as amended, before the amendment that was offered and disallowed during the trial of the case, alleged that the Citizens & Southern National Bank had taken possession and complete charge of the business and property of C. E. Freeman Inc., and that the bank, through its agents, servants, and employees, did direct and operate said C. E. Freeman Inc. in every detail, from the sale of each and every automobile down to and including the purchase of every quart of oil and every gallon of gasoline purchased from the plaintiff from May 22, 1935, to and including June 7, 1935, this covering the period of sales of gasoline and oil as set out in the account sued on. The amendment which was rejected added no new fact to these allegations. It merely alleged that the bank through its officers procured the services and co-operation of the officers and employees of C. E. Freeman Inc., to the extent that they became the agents of, and did work under the direction of, the bank. In a word, so to speak, the plaintiff had already alleged that the bank, through its officers, agents, and servants, had taken over and operated C. E. Freeman Inc., and directed the purchase of all the oil and gasoline set out in the account sued on. His right to recover was based on these facts, and nothing additional thereto was contained in the rejected amendment that would have changed the result of the case, in so far as the record here discloses. There is no recital or contention in the bill of exceptions that the disallowance of the amendment precluded the plaintiff from introducing any evidence in support of his case, or that any evidence offered by the plaintiff was rejected. See *Leavitt* v. *Leavitt*, 149 *Ga.* 601 (101 S. E. 670);

*Coker* v. *Utter,* 152 *Ga.* 157 (108 S. E. 538); *Thompson* v. *Graham,* 172 *Ga.* 35 (157 S. E. 204); *Lee* v. *Georgia Power Co.,* 44 *Ga. App.* 435 (161 S. E. 851); *Hill* v. *Hicks,* 44 *Ga. App.* 817 (163 S. E. 253). The plaintiff does not show that he was in any way harmed by the disallowance of the amendment, or that the court erred in granting a nonsuit.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*