28736. WATKINS *v.* WATKINS *et al.*

DECIDED FEBRUARY 7, 1941.

346

*Astor Merritt,* for plaintiff in error. *R. H. Hutcheson,* contra.

FELTON, J. The court did not err in overruling the motion for new trial. The defendant admitted in his testimony that he still had on hand $210 of the $600 originally deposited with him under the contract and that he owed it to some one. The court had jurisdiction of the parties and of the subject-matter, and the direction of a verdict for the plaintiffs was an adjudication that the defendant owed the $210 with interest to the plaintiffs. The defendant can not be hurt because he will be protected in paying the money out on the order and judgment of a court of competent jurisdiction. We are not called upon to decide whether the defendant would be liable to the plaintiffs for the full amount of the money deposited with him under the contract, because the plaintiffs do not complain of the verdict but are here contending that the verdict is correct. The contention of the plaintiff in error that the contract was a voluntary one and could be rescinded by the parties at their discretion or by a subsequent cohabitation is not sound. Code, §

30-217, provides that subsequent cohabitation shall not affect the rights of children under such an agreement. *Clary* v. *Thornton,* 177 *Ga.* 833 (171 S. E. 704). There could be no rescission by the parents because the title to the money had passed to the defendant for the benefit of the minor children. There was no reservation by the settlor of the right to revoke the trust, and no reason for the revocation appears in the record. The settlor created a valid executory trust, and it can not be revoked without the consent of the beneficiaries. *Vason* v. *Gilbert,* 99 *Ga.* 220 (25 S. E. 409); *Leavitt* v. *Leavitt,* 149 *Ga.* 601 (101 S. E. 670); 4 Bogert on Trusts, 2890, § 993; Restatement of Law of Trusts, 984, § 330.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*