The court did not err in overruling the motion for new trial.
 DECIDED FEBRUARY 7, 1941.
Robert Watkins, Thelma Watkins, and Sarah Watkins sued C. H. Watkins on the following contract: "This contract entered into this the 8th day of September, 1919, by and between A. J. Watkins and Mrs. Maggie I. Watkins, both of said State and County, witnesseth: 1. That the said A. J. Watkins and Mrs. Maggie I. Watkins, being husband and wife but unfortunately being unable to live together as such, make the following agreement to wit: The said A. J. Watkins agrees to pay the said Mrs. Maggie I. Watkins the sum of three hundred dollars in full of all right of dower, year's support, alimony, or support of any kind as the wife of said A. J. Watkins, said sum to be paid as follows: One hundred dollars, Oct. 1st, 1919, and two hundred dollars Dec. 1, 1919. 2. That the said A. J. Watkins further agrees to pay each of his minor children, to wit: Thelma Watkins, Burnett Watkins (Robert Watkins same), and Sarah Watkins the sum of two hundred *Page 345 
dollars to be paid Dec. 1, 1919, said sum of two hundred dollars, each, aggregating six hundred dollars to be paid as hereinafter directed. 3. The said parties to this contract further agree that in the event either of the children should die without child or children then the surviving child or children mentioned in the second paragraph of this contract shall have such part. 4. The parties to this contract hereby agree that C. H. Watkins shall be trustee for the children or minors mentioned in the second paragraph of this contract, and to invest the funds arising under this contract and to have full control and management of the same, and he is hereby authorized and empowered to use the funds or such part or parts as in his judgment is necessary for the education and support of such minor or minors. 5. It is hereby agreed by the said Mrs. Maggie I. Watkins that she accepts the sums to be paid to herself and trustee aforesaid in full of all right to dower, year's support, alimony, or support of any kind for herself or children, said A. J. Watkins and Mrs. Maggie I. Watkins agreeing to live in a bona fide state of separation, and it is further agreed that should the said Mrs. Maggie I. Watkins secure a divorce that the sums paid in this contract shall be a bar of any alimony for herself or children, and further that the said A. J. Watkins shall be released from any liability to support the children hereafter."
On the trial it was made to appear that the plaintiffs were the children of the A. J. Watkins mentioned in the contract; that pursuant to the terms of the contract A. J. Watkins paid to C. H. Watkins, the defendant, the sum of $600 for the purposes of the contract, and that C. H. Watkins received the said $600 under the terms and conditions of the contract; that thereafter, in February, 1921, A. J. Watkins and his wife became reconciled and resumed their marital relations and lived together as husband and wife, and that while so living together the three children named in the contract lived with their parents and were supported and maintained by their father A. J. Watkins; that after the resumption of the marital status Mr. and Mrs. Watkins called upon the defendant, and A. J. Watkins, in the presence of his wife, demanded the repayment of the $600 from C. H. Watkins, and that at that time C. H. Watkins repaid to A. J. Watkins the sum of $215; that A. J. Watkins and his wife lived together on this last occasion for a period of about three months, when they again separated, *Page 346 
and have continuously lived apart since the last separation. C. H. Watkins testified that after the last separation A. J. Watkins demanded of him the balance of the $600 deposited with him, and that he paid to A. J. Watkins an additional sum of $10 and gave him a hog of the value of $15; that A. J. Watkins directed that no part of the $600 paid to C. H. Watkins be paid to any of the children named in the contract; that he was entitled to certain credits for board for one of the minors, and for school books purchased by him for another; that the minors named in the contract became of age on the dates set out in the agreed statement of facts; that each of the children, upon reaching his majority, demanded of C. H. Watkins the sum of $200 with interest from December 1, 1919; that at the time of the filing of the suit A. J. Watkins was in life and confined at the State sanitarium at Milledgeville; that C. H. Watkins, the witness, was due to pay some one $210 balance of the unexpended principal of the original $600, and that before this suit he had written to the plaintiffs agreeing to pay each of them his part of the funds still in his hands.
Counsel for both parties moved for a directed verdict. The court directed a verdict for the plaintiffs for $210 and interest. The defendant made a motion for new trial, and the exception is to the order overruling the motion which was on the general grounds.
The court did not err in overruling the motion for new trial. The defendant admitted in his testimony that he still had on hand $210 of the $600 originally deposited with him under the contract and that he owed it to some one. The court had jurisdiction of the parties and of the subject-matter, and the direction of a verdict for the plaintiffs was an adjudication that the defendant owed the $210 with interest to the plaintiffs. The defendant can not be hurt because he will be protected in paying the money out on the order and judgment of a court of competent jurisdiction. We are not called upon to decide whether the defendant would be liable to the plaintiffs for the full amount of the money deposited with him under the contract, because the plaintiffs do not complain of the verdict but are here contending that the verdict is correct. The contention of the plaintiff in error that the contract was a voluntary one and could be rescinded by the parties at their discretion or by a subsequent cohabitation is not sound. Code, § *Page 347 
30-217, provides that subsequent cohabitation shall not affect the rights of children under such an agreement.Clary v. Thornton, 177 Ga. 833 (171 S.E. 704). There could be no rescission by the parents because the title to the money had passed to the defendant for the benefit of the minor children. There was no reservation by the settlor of the right to revoke the trust, and no reason for the revocation appears in the record. The settlor created a valid executory trust, and it can not be revoked without the consent of the beneficiaries. Vason
v. Gilbert, 99 Ga. 220 (25 S.E. 409); Leavitt v.Leavitt, 149 Ga. 601 (101 S.E. 670); 4 Bogert on Trusts, 2890, § 993; Restatement of Law of Trusts, 984, § 330.
Judgment affirmed. Stephens, P. J., and Sutton, J.,concur.