22977.   HARDY v. HARDY.

ARGUED JUNE 14, 1965—DECIDED JULY 14, 1965.

*Lester & Lester, James L. Lester,* for plaintiff in error.

*Albert G. Ingram,* contra.

ALMAND, Justice. Josephine B. Hardy sued Eddie E. Hardy for divorce in the Superior Court of Richmond County. In the amended petition it was alleged: that plaintiff and defendant were married in 1959 and lived together as man and wife until December 17, 1963, when they separated. In paragraph 7 of the amended petition it was alleged: "Plaintiff was forced to separate from the defendant on the last above mentioned date because of his extreme mental cruelty. He nagged her constantly and made false accusations against her. Said false accusations being as following: (a) While intoxicated the defendant would accuse plaintiff of not loving him. (b) Defendant would threaten plaintiff with divorce and then accuse her of not preparing his meals. (c) Defendant would stay out all night and when he did return home, he would accuse plaintiff of being lazy and unfriendly because she would not get up and fix him a hot meal. (d) Defendant would force plaintiff to come down and keep books at his filling station and then accuse plaintiff of taking money out of the cash register. (e) Because plaintiff would not make friendly overtures to defendant's questionable friends, defendant would accuse plaintiff of not cooperating with him in entertaining his guests." It was further alleged that said acts were done maliciously with the intent to injure plaintiff's health and that plaintiff is capable of earning a take-home

pay of $80 per week and that "the plaintiff is entitled to and is asking for permanent alimony in the amount of $1,800, said amount being the amount of a promissory note co-signed by the plaintiff and plaintiff is liable for said amount." The prayers were that a total divorce be granted to the plaintiff and for permanent alimony to pay off the above mentioned note. Defendant's general and special demurrers to the amended petition were overruled. The case proceeded to trial and the jury returned a verdict granting a total divorce to the plaintiff and further provided in the verdict, "That alimony be granted in the amount of $1,800 on condition that the $1,800 be used to pay off the note at the C. & S. Bank. This is to be paid at the rate of $50 per month." The defendant filed a motion to set aside a portion of the verdict and judgment awarding alimony and a motion for new trial. Both these motions were overruled. Error is assigned on the orders overruling these motions and on the order overruling the general and special demurrers.

■ (a) The court did not err in overruling the general demurrer to the petition. *Code Ann.* § 30-102 (10) (Ga. L. 1963, pp. 288, 290) provides that cruel treatment shall authorize the granting of a total divorce and that cruel treatment shall consist "of the wilful infliction of pain, bodily or mental, upon the complaining party, such as reasonably justifies apprehension of danger to life, limb or health." It is well settled by decisions of this court that constant nagging and false accusations can amount to cruel treatment. *Hirsch v. Hirsch,* 217 Ga. 590 (1) (123 SE2d 915); *Anglin v. Anglin,* 209 Ga. 823 (1) (76 SE2d 498); *Wilkinson v. Wilkinson,* 159 Ga. 332 (2) (125 SE 856); *Miller v. Miller,* 139 Ga. 282 (1) (77 SE 21). Following the rule stated in the above cited cases, the allegations of nagging and false accusations are sufficient to charge defendant with cruel treatment under *Code Ann.* § 30-102 (10).

(b) In paragraph 8 of the petition it was alleged: "Said acts were malicious and done with the intent to injure plaintiff's health." The demurrer to this paragraph on the ground "that the allegations stated therein amount to a conclusion without sufficient facts to show how plaintiff's health was injured"

was overruled.  This was not error.  It is unnecessary for the plaintiff to allege facts showing how her health was injured. There is no requirement under *Code Ann.* § 30-102 (10) that plaintiff's health be injured, but only that there be reasonable apprehension of injury.  The allegations of paragraph 7, quoted above, establish reasonable apprehension of injury to plaintiff's health.

(c)  Defendant's last special demurrer is on the ground that " 'the amount due on a promissory note co-signed by the plaintiff' is an improper basis for the award of alimony and thereby is impertinent, immaterial, and prejudicial." *Code* § 30-201 provides "Alimony is an allowance out of the husband's estate, made for the support of the wife when living separate from him."  In *Fried v. Fried*, 211 Ga. 149, 151 (84 SE2d 576) (one Justice dissenting), it was held that the jury may consider the wife's material resources and her income in determining the amount of alimony.  The wife's debts would be equally relevant.  Therefore the wife's note, being evidence of her indebtedness, was relevant to a determination of alimony, and the court did not err in overruling the special demurrer.  See also Nelson v. Nelson, 246 Iowa 760 (68 NW2d 746) where it was said that the indebtedness of the parties is one of the factors to be considered in determining alimony.

■  The jury returned the following verdict which was made the judgment of the court:  "(1)  We the jury find for the plaintiff a total divorce.  (2)  And further; That alimony be granted in the amount of $1,800 on condition that the $1,800 be used to pay off the note at the C. & S. Bank.  This is to be paid at the rate of $50 per month."  The defendant made a motion to set aside the portion of the verdict and judgment awarding alimony on the ground that the judgment "is conditional and not an award in favor of the plaintiff against the defendant" and because "said award is not a provision for the support of the plaintiff."  We are of the opinion that the court erred in failing to strike that portion of the verdict which provides "on condition that the $1,800 be used to pay off the note at the C. & S. Bank."  A jury does not have the power to attach this type of condition to its verdict.  The answer to

the contention that the award is not in favor of the plaintiff against the defendant is that the judgment provides that the defendant shall pay the plaintiff $50 a month until the total amount paid reaches $1,800, and therefore, is an award in favor of the plaintiff against the defendant. Defendant's last contention—that the award is not a provision for the support of the plaintiff—is equally without merit. The award specifically provides that it is granted as alimony.

Direction is given that the portion of the verdict and judgment which provides "on condition that the $1,800 be used to pay off the note at the C. &. S. Bank" be stricken.

■ The general grounds of the motion for new trial are without merit. Evidence was introduced which supported the allegations of cruel treatment. As to the award of alimony, the jury awarded the plaintiff $1,800 to be paid at the rate of $50 per month, a 1955 Buick, and certain household furniture. The undisputed evidence showed that the money borrowed on the $1,800 note mentioned above was used by the plaintiff to pay off the debts of the defendant and that the defendant owned and operated a service station. This showing was sufficient to support the award of alimony.

(b) In the final two grounds of the motion for new trial error is assigned on the admission of certain evidence. It is urged that the court erred in admitting the above mentioned $1,800 note because the said note was immaterial and irrelevant in a divorce proceeding. We held in Division 1 (c) above that the wife's indebtedness is one of the factors to be considered by the jury in establishing the amount of alimony. This note, being evidence of the wife's indebtedness, was properly admitted into evidence.

In the last ground of the motion for new trial it is urged that the court erred in admitting the plaintiff's testimony about a certain note (a note different from the $1,800 note mentioned above). The objection was on the ground that the note itself was the highest and best evidence. The note was not introduced in evidence. The plaintiff testified that she signed a note in order to pay off a $3,000 note of the defendant. It was not error to admit this testimony. A witness may be allowed to testify that he has given certain notes and describe

them as to date and amount without the introduction of the notes, provided that he does not go into their contents. *Sasser v. Campbell*, 9 Ga. App. 177 (2) (70 SE 980). The testimony here was not as to the contents of the note. Therefore, the court did not err in admitting it.

The court did not err in overruling the amended motion for new trial.

*Judgment affirmed with direction. All the Justices concur.*