## 24123. FELLERS v. FELLERS.

UNDERCOFLER, Justice. This is an action for divorce by a husband against his wife on the ground of mental cruelty. The wife answered denying the material allegations of the petition and praying that the divorce be denied and that she be awarded alimony. The jury found in favor of the divorce and granted alimony to the wife. The wife appeals from the judgment entered on this verdict. *Held:*

1. Enumeration of error No. 1 complains that the evidence was insufficient to support the verdict. The evidence shows that the wife had constantly nagged and harassed her husband, that she had kicked, bit and scratched him, that she had thrown articles at him, and that she had kicked him in the seat after a hemorrhoid operation, all of which acts were wilful and adversely affected the plaintiff's health. In our opinion the verdict was supported by the evidence and this enumeration of error is without merit. *Bell v. Bell*, 213 Ga. 176 (2) (97 SE2d 571); *Hardy v. Hardy*, 221 Ga. 176 (1) (144 SE2d 172).

2. Enumeration of error No. 2 complains that the jury, in awarding one-half of the parties' savings accounts to the wife, disregarded the court's instruction that it would not have to deliberate the ownership of the said accounts since the parties had agreed that each owned one-half of the funds therein. The jury in its verdict with respect to alimony provides: "One-half [of] the joint savings accounts and the car and all household properties and a sum of $30,000 to be paid at $5,000 yearly for six consecutive years or until the defendant remarries." After publication of the verdict and before the jury was discharged, the provision of the verdict as to the savings accounts was clarified orally to show that the jury intended that the ownership thereof was not to be disturbed. As we view the instruction complained of, it removed from the jury's consideration any controversy over the ownership of the savings accounts. It did not remove from its consideration an award of the husband's portion thereof as alimony and it did not remove from its consideration the wife's one-half as her separate estate in fixing the amount of alimony. The jury is authorized to consider the wife's separate estate in fixing the amount of alimony. *Fried v. Fried*, 211 Ga. 149, 151 (84 SE2d 576); *Hardy v. Hardy*, 221 Ga. 176, 179 (1c),

supra. In our opinion the verdict indicates the jury properly considered the savings accounts in fixing the alimony and the enumeration of error is without merit.

3. Enumeration of error No. 3 complains that the court erred in charging the jury on the right of the husband to fix the matrimonial residence. The charge on this subject stated a correct principle of law and was not harmful to the appellant.

4. Enumeration of error No. 4 complains that the court refused to allow the wife to amend her pleadings after the jury had retired to consider its verdict. The amendment offered stated that the husband "has been guilty of mental cruelty, in that he fussed at defendant constantly, and said cruel treatment has had an adverse effect on her health. Wherefore, defendant prays that her amendment be allowed." There is no evidence in the record of any cruel treatment on the part of the husband nor that any evidence was proffered or excluded during the trial of this case. The offered amendment did not conform to the proof produced at the trial of this case and all pertinent facts having been admitted in evidence, its rejection was not error. *Leavitt v. Leavitt,* 149 Ga. 601 (2) (101 SE 670); *Coker v. Utter,* 152 Ga. 157 (3) (108 SE 538); *Thompson v. Graham,* 172 Ga. 35 (1), 40 (157 SE 204); *London v. Citizens &c Nat. Bank,* 60 Ga. App. 154, 156 (3 SE2d 136); *Cowart v. Atlanta, B. & C. R. Co.,* 64 Ga. App. 779, 785 (14 SE2d 215).

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 12, 1967—DECIDED JUNE 22, 1967.

*Calhoun & Kernaghan, William C. Calhoun,* for appellant.
*McGahee & Plunkett, Jack E. McGahee,* for appellee.